IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs May 3, 2016

## CORY O'BRIEN JOHNSON, ALIAS DESHUN MARSHAY GIBBS v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Lake County**
**No. 15-CR-10153    R. Lee Moore, Jr., Judge**

**No. W2016-00087-CCA-R3-HC  -  Filed August 30, 2016**

The *pro se* petitioner, Cory O'Brien Johnson, alias Deshun Marshay Gibbs, appeals the habeas corpus court's summary dismissal of his petition for writ of habeas corpus, arguing that the court violated his due process rights by not holding an evidentiary hearing to consider whether he was afforded appropriate pretrial jail credits. Following our review, we affirm the summary dismissal of the petition on the basis that the petitioner failed to state a colorable claim for habeas corpus relief.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ALAN E. GLENN, J., delivered the opinion of the court, in which CAMILLE R. MCMULLEN and J. ROSS DYER, JJ., joined.

Cory O'Brien Johnson, alias Deshun Marshay Gibbs, Tiptonville, Tennessee, Pro Se.

Herbert H. Slatery III, Attorney General and Reporter; and Jeffrey D. Zentner, Assistant Attorney General, for the appellee, State of Tennessee.

## OPINION

## FACTS

On January 9, 2006, the petitioner pled guilty in the Shelby County Criminal Court in case number 02-07939 to second degree murder in exchange for a fifteen-year sentence at 100%, to be served concurrently to an effective twenty-five-year sentence he received for 2003 Knox County convictions for attempted first degree murder, aggravated kidnapping, and aggravated robbery in case number 76776.

On August 30, 2007, the petitioner filed a petition for a writ of habeas corpus, alleging that his judgment of conviction for second degree murder was void "because a concurrent sentence is precluded due to his alleged bond status when both the second degree murder and attempted first degree murder offenses occurred." Cory O. Johnson v. Jack Morgan, Warden, No. E2007-02780-CCA-R3-HC, 2008 WL 2026105, at *1 (Tenn. Crim. App. May 12, 2008), perm. app. denied (Tenn. Aug. 25, 2008). He also alleged in that petition that he was entitled to habeas corpus relief because his judgment for second degree murder did not reflect appropriate pretrial jail credits. Id. at *2. The habeas court summarily dismissed the petition for failure to state a cognizable claim, and this court affirmed the judgment of the habeas court. Id. at *1.

On November 17, 2015, the petitioner filed the instant petition for writ of habeas corpus in which he again contends that he was not awarded appropriate pretrial jail credits towards his second degree murder sentence. The petitioner alleges that he is entitled to pretrial jail credits from August 27, 2003, until January 9, 2006, or the time he spent in the Knox County Jail and the penitentiary "between the disposition of [his] unrelated Knoxville charges and his return to Shelby County" for disposition of his second degree murder charge. The petitioner asserts that he waived extradition from a Florida jail back to Shelby County, Tennessee, to stand trial on the second degree murder charge but was instead taken to Knoxville, where he was ultimately indicted and pled guilty to unrelated Knox County charges. According to the petitioner, after his Knox County guilty pleas, he was transferred to the custody of the Tennessee Department of Correction to await arraignment and trial on the second degree murder charge, to which he pled guilty on January 9, 2006.

In his petition, the petitioner alleges that the Shelby County Criminal Court responded to his inquiry about proper pretrial jail credits by a letter dated May 8, 2009, in which the judge stated that the petitioner began earning jail credit on September 16, 2005, the date the indictment was served on the petitioner. The petitioner also attached as an exhibit to his petition an August 18, 2015 "Order on Petition for Jail Credits" in which the same Shelby County judge, responding to the petitioner's "additional petition for jail credits," which the judge noted was but "one more of many over the years," found that the issue was moot because the Tennessee Department of Correction website reflected that the petitioner had received jail credit for his second degree murder sentence beginning from November 10, 2002, the date that the petitioner was extradited back to Tennessee. Also attached to the petition is the petitioner's "Notice of Appeal" of the August 18, 2015 order of the trial court. The notice of appeal does not, however, contain a date stamp from the court clerk's office.

On December 5, 2015, the habeas court entered an order denying the petition on the basis that it failed to state a colorable claim for habeas corpus relief. The court's order states in pertinent part:

> Habeas corpus relief is available only when the judgments are void or the sentence has expired. In this particular case, the judgment is not void nor is the sentence expired. The issue before the Court is whether or not the petitioner has received proper pre-trial jail credits. [The Shelby County judge] has determined that he had received all of his proper jail-credits. An order filed in the Circuit Court for Shelby County, Division VIII, on August 8, 2015. There is no basis for this Court to grant habeas corpus relief under the circumstances. Even if the petitioner's allegations are correct, his only recourse is to have the case remanded to Shelby County Circuit Court for a determination of pre-trial jail credits. This issue has been determined by the Circuit Court for Shelby County and is presently on appeal in the . . . Court of [Criminal] Appeals for the State of Tennessee. Consequently, the petition is denied.

## ANALYSIS

The petitioner argues on appeal that the habeas court erred by dismissing his petition without appointing counsel and holding an evidentiary hearing to review his "supporting evidence" that he has been denied proper pretrial jail credits. The State responds that summary dismissal of the petition was proper because the petitioner failed to provide proof that he was not awarded his pretrial jail credits.

It is well-established in Tennessee that the remedy provided by a writ of habeas corpus is limited in scope and may only be invoked where the judgment is void or the petitioner's term of imprisonment has expired. Faulkner v. State, 226 S.W.3d 358, 361 (Tenn. 2007); State v. Ritchie, 20 S.W.3d 624, 629 (Tenn. 2000); State v. Davenport, 980 S.W.2d 407, 409 (Tenn. Crim. App. 1998). A void, as opposed to a voidable, judgment is "one that is facially invalid because the court did not have the statutory authority to render such judgment." Summers v. State, 212 S.W.3d 251, 256 (Tenn. 2007) (citing Dykes v. Compton, 978 S.W.2d 528, 529 (Tenn. 1998)).

A petitioner bears the burden of establishing a void judgment or illegal confinement by a preponderance of the evidence. Wyatt v. State, 24 S.W.3d 319, 322 (Tenn. 2000). Furthermore, when a "habeas corpus petition fails to establish that a judgment is void, a trial court may dismiss the petition without a hearing." Summers, 212 S.W.3d at 260 (citing Hogan v. Mills, 168 S.W.3d 753, 755 (Tenn. 2005)). Whether the petitioner is entitled to habeas corpus relief is a question of law. Id. at 255; Hart v.

State, 21 S.W.3d 901, 903 (Tenn. 2000). As such, our review is *de novo* with no presumption of correctness given to the habeas court's findings and conclusions. Id.

We conclude that the habeas court properly dismissed the petition without an evidentiary hearing on the basis that it failed to state a cognizable claim for habeas corpus relief. A trial court's failure to award pretrial or post-judgment jail credits does not render a sentence illegal and is, therefore, insufficient to establish a colorable claim for habeas corpus or Tennessee Rule of Criminal Procedure 36.1 relief. See State v. Brown, 479 S.W.3d 200, 209, 213 (Tenn. 2015); see also Kenneth Thompson Anderson v. State, No. M2014-01812-CCA-R3-HC, 2016 WL 447749, at *9 (Tenn. Crim. App. Feb. 5, 2016) (applying Brown to conclude that habeas corpus relief is not available in case in which the petitioner claimed denial of proper post-judgment jail credits). Accordingly, we affirm the summary dismissal of the petition for writ of habeas corpus.

## CONCLUSION

Because the petitioner failed to state a cognizable claim for habeas corpus relief, we affirm the summary dismissal of the petition for writ of habeas corpus.

_____
ALAN E. GLENN, JUDGE

4